IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ISRAEL VASQUEZ, #520750 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:08cv27 |
| | § | |
| CHAIRMAN OF CLASSIFICATION- | § | |
| ADMINISTRATION BUILDING, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Israel Vasquez, a prisoner previously confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The Defendants remaining in the lawsuit are Classification Officer M. Duff and Sgt. Sells. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The complaint concerns allegations that the Plaintiff's housing assignment at the Polunsky Unit placed his life in danger. The Plaintiff sought a transfer to a unit with safekeeping and/or a homosexual tank, along with $100,000 from Sgt. Sells for injuries to his eye and ear. On June 12, 2008, the Defendants' filed a partial motion to dismiss for failure to state a claim (docket entry #18). They argued that they are entitled to Eleventh Amendment immunity to the extent that they have been sued for damages in their official capacities. They asked that the claims against them for damages in their official capacities be dismissed. The Plaintiff did not file a response.

Unless a State consents to suit or Congress exercises its power to override a State's immunity, the Eleventh Amendment bars suits against a State in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). States are not subject to § 1983 suits in either state or federal courts. *Id.* A suit against a state official in his official capacity is, in effect, a claim against the State itself. *Id.* at 71. The Fifth Circuit has repeatedly held that the Eleventh Amendment bars plaintiffs from recovering monetary damages in § 1983 claims from prison officials in their official capacities. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). On the other hand, a lawsuit may be "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1053-54 (5th Cir. 1998). To the extent that the Plaintiff is suing the Defendants in their official capacity, he may seek declaratory and injunctive relief but not damages. The Defendants' partial motion to dismiss for failure to state a claim should be granted. It is therefore

**ORDERED** that the Defendants' partial motion to dismiss for failure to state a claim (docket entry #18) is **GRANTED** and the claims for damages against Defendants Duff and Sells in their official capacities are **DISMISSED**.

So **ORDERED** and **SIGNED** this **2** day of **July, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE